UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. 19-05180 |
| | Chapter 7 |
| CHELSEA A. WILLIAMS, | Hon. Scott Dales |
| | Filed: December 16, 2019 |

---

| | |
|---|---|
| CHELSEA A. WILLIAMS, | |
| | ADVERSARY PROCEEDING |
| Plaintiff, | Case No. |
| v. | |
| TNT FINANCIAL, INC, | |
| (A Domestic Corporation) | |
| and | |
| JAMES N. MEINECKE, ESQ. | |
| (An Individual), | |
| Defendants. | |

---

## ADVERSARY COMPLAINT FOR DAMAGES

The Debtor / Plaintiff ("Plaintiff"), Chelsea A. Williams, by and through her attorneys at Dietrich & Kenyon, hereby states the following in commencing this Adversary Proceeding under Fed. R. Civ. P. 3, made applicable by Fed. R. Bankr. P. 7003:

### INTRODUCTION

1. This is an adversary proceeding to recover preferential transfer and actual, statutory, and punitive damages for willful violations of the automatic stay and for treble damages for statutory/common law conversion.

1

## JURISDICTION AND VENUE

2. The Plaintiff fully incorporates paragraph 1.

3. This adversary proceeding arises out of, and is related to, the above-captioned Chapter 7 case now pending in the United States Bankruptcy Court. Fed. R. Bankr. P. 7008(a).

4. Jurisdiction is proper under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

5. Venue is proper under 28 U.S.C. § 1409(a).

6. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157.

## PARTIES

7. The Plaintiff fully incorporates paragraphs 1 – 6.

8. The Plaintiff, the debtor in the above-captioned bankruptcy case, currently resides at 123 Mt. Hope Ave., Lansing, MI 48910 and, as such, is an individual as defined by 11 U.S.C. § 362(k). (Case No. 19-05180 at DN 01.)

9. The Defendant, TNT Financial, Inc. ("Creditor") is a domestic corporation located at 4191 Euclid, Bay City, Michigan and specializes in automobile finance leasing.

10. The Defendant, James N. Meinecke ("Creditor's counsel"), is a staff attorney at TNT Financial, Inc and represents the Creditor in *TNT Financial, Inc. vs. Chelsea Anne Williams* 54A District Court case number 19-00661-GCB ("State Court Action").

11. The alleged debt was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

12. The Plaintiff fully incorporates paragraphs 1 – 11.

13. On or about May 31, 2019 the Creditor received a default judgment against the Plaintiff in the State Court Action. (Attached hereto as Exhibit 1- Case Detail Report).

14. On February 19, 2019 Creditor's counsel filed an Appearance in the State Court Action on behalf of the Creditor.

15. On June 26, 2019, the Creditor, by and through Creditor's counsel, received a periodic Writ of Garnishment to garnish the Plaintiff's wages. (Attached here to as Exhibit 2 is Garnishment Release)

16. On December 16, 2019 ("Petition Date"), the Plaintiff filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the Western District of Michigan. (Case No. 19-05180 at DN 01.)(Attached here to as Exhibit 3-Notice of Bankruptcy Filing)

17. The Creditor was listed on the Plaintiff's Schedule F and served actual notice of the Plaintiff's bankruptcy on December 18, 2019, as indicated on the Bankruptcy Noticing Center's Certificate of Notice. (Case No. 19-05180 at DN 9.) (Attached here to as Exhibit 4- Certificate of Notice)

18. The Creditor, by and through Creditor's counsel, garnisheed $2,314.75 from Plaintiff's paycheck within 90 days before the Bankruptcy Petition Date. (Attached hereto as Exhibit 5 is a copy of Plaintiff's six pay checks from October 1, 2019 to December 10, 2019).

19. Additionally, the Creditor, by and through Creditor's counsel garnished, at a minimum, $293.54 on January 7, 2020 in violation of the automatic stay under U.S.C. 22 §362. (Attached hereto as Exhibit 6- paycheck from January 7, 2020).

3

20. Despite having notice of the Plaintiff's bankruptcy, the Creditor, by and through Creditor's counsel, did not immediately stop garnishing the Plaintiff's wages.

21. As a result of the Creditor and Creditor's counsel's actions and inactions, the Plaintiff retained counsel to recover the wrongfully garnisheed funds.

22. Through counsel, the Plaintiff requested the Creditor, by and through Creditor's counsel, to turn over the wrongfully withheld funds by a letter dated February 25, 2020. (Attached hereto as Exhibit 7 is a copy of the February 25, 2020 letter).

23. Neither the Creditor nor Creditor's counsel responded to the Plaintiff's request to turn over the wrongfully withheld funds.

24. To date, the Creditor, by and through Creditor's counsel, has wrongfully withheld at least $2,608.29 from the Plaintiff's wages.

25. As a result of said wrongful withholding, the Plaintiff has been damaged.

26. As a result, the Plaintiff commenced this Adversary Proceeding.

## COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFERS

27. The Plaintiff fully incorporates paragraphs 1 – 26.

28. The garnisheed wages in the amount of $2,314.75 set forth above constitute a transfer of property of the Plaintiff to or for the benefit of the Creditor who was a creditor of the Plaintiff.

29. The garnishments were made for or on account of antecedent debts allegedly owed by the Plaintiff to the Creditor.

30. The Plaintiff was presumptively and actually insolvent at the time of the garnishments.

31. The garnishments were made on or within the 90 days before the Petition Date.

32. By virtue of the garnishments, the Creditor received more than they would have received if the Plaintiff's estate had been liquidated under Chapter 7, the garnishments had not occurred, and the Creditor had received payment of the debt to the extent permitted by the Bankruptcy Code.

33. The garnishments constitute avoidable preferences pursuant to 11 U.S.C. § 547(b).

34. The Chapter 7 Trustee ("Trustee") has not attempted to avoid the garnishment monies.

35. The Plaintiff may avoid the garnishment to the extent that she exempted the garnisheed funds because the garnishments are avoidable by the Trustee and the Trustee has not attempted to avoid the garnishments, pursuant to 11 U.S.C. § 522(h).

## COUNT II: AUTOMATIC STAY VIOLATIONS

36. The Plaintiff fully incorporates paragraphs 1 – 35.

37. 11 U.S.C. § 362(a)(1) prohibits "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case".

38. 11 U.S.C. § 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case".

39. A creditor has a duty to halt all collection efforts when a debtor files for bankruptcy protection; the failure to do so constitutes an automatic stay violation. *In re McCall-Pruitt*, 281 B.R. 910, 912 (Bankr. E.D. Mich. 2002) (stating "[c]ourts have overwhelmingly and consistently held that a creditor's failure to halt collection proceedings after a petition is filed violates the automatic stay.").

40. The Creditor and Creditor's counsel received actual, written notification of the order for relief and the imposition of the automatic stay.

41. The Creditor, by and through Creditor's counsel, was attempting to collect on a pre-petition debt.

42. The Creditor, by and through Creditor's counsel, was continuing to recover on a pre-petition debt.

43. To date, Creditor has received at least $293.54 in stay violation recovery.

44. The Creditor, by and through Creditor's counsel, has wrongfully withheld post-petition wages after the Plaintiff's bankruptcy filing.

45. Despite the abundance of notice to the Creditor regarding the existence of the Chapter 7 bankruptcy case and the subsequent automatic stay, the Creditor willfully violated the automatic stay by wrongfully withholding post-petition wages after the Plaintiff's bankruptcy filing.

46. Despite the abundance of notice to the Creditor regarding the existence of the Chapter 7 bankruptcy case and the automatic stay, the Creditor and Creditor's counsel willfully violated the automatic stay by failing to reverse any such action taken in violation of the automatic stay.

47. Because of the Creditor and Creditor's counsel's actions or inactions, the Plaintiff suffered injuries consisting of, but not limited to, actual damages, emotional distress, transportation cost, out of pocket expenses, and miscellaneous other expenses.

48. Because of the Creditor and Creditor's counsel's actions or inactions, the Plaintiff was forced to hire counsel to prosecute this Adversary Proceeding.

49. Any individual injured by a defendant's willful violation of the automatic stay, such as the Plaintiff in this matter, shall recover actual damages, attorney fees, costs, and in certain circumstances, punitive damages. 11 U.S.C. § 362(k).

50. All of the Creditor and Creditor's counsel's conduct rises to a level of willfulness.

51. The Creditor and Creditor's counsel's failure to return, post-petition, the monies that have been wrongfully withheld from the Plaintiff's wages indicates a callous disregard for the rights of a debtor or of the bankruptcy estate.

## COUNT III: CONVERSION

52. The Plaintiff fully incorporates paragraphs 1 – 51.

53. By the wrongful withholding of the Plaintiff's wages, the Creditor and Creditor's counsel exercised dominion over the Plaintiff's property in a denial of, or inconsistent with, the Plaintiff's rights.

54. As a direct and proximate cause of the conversions by the Creditor and Creditor's counsel, the Plaintiff has suffered injuries consisting of, but not limited to, actual damages, emotional distress, transportation cost, out of pocket expenses, and miscellaneous other expenses.

55. Additionally, the Plaintiff is entitled to recover treble damages and may recover an award of costs and reasonable attorney fees in prosecuting this action pursuant to M.C.L. § 600.2919a(1).

## COUNT IV: ATTORNEY FEES

56. The Plaintiff fully incorporates paragraphs 1 – 55.

57. Fed. R. Bankr. P. 7008(b) states that "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint . . . as may be appropriate."

58. The Plaintiff requests an award of attorney's fees pursuant to Fed. R. Bankr. P. 7008(b).

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment for the Plaintiff and jointly and severally against the Creditor and Creditor's counsel for the following:

A. Declare the pre-petition withholdings of wages to be avoidable preferences and award judgment against the Creditor in the amount of $2,314.75, plus pre and post-judgment interest thereon to the date of payment and the costs of this action, pursuant to 11 U.S.C. § 550(a).

B. Declare the post-petition withholding of the Plaintiff's wages to be violations of the automatic stay and award judgment against the Creditor and Creditor's counsel, in the amount of $293.54, plus pre and post-judgment interest thereon to the date of payment and the costs of this action, pursuant to 11 U.S.C. § 362(k).

C. Costs and attorney fees pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 105(a), and M.C.L. § 600.2919a(1).

D. Punitive damages pursuant to 11 U.S.C. § 362(k).

E. Treble damages pursuant to M.C.L. § 600.2919a(1).

F. Any and all other relief deemed equitable, just, and proper.

Respectfully submitted,

DIETRICH LAW FIRM

Dated: 4-20-20

Robert W. Dietrich (P49704)
Attorney for Plaintiff
3815 W. Saint Joseph Street, Ste. A200
Lansing, Michigan 48917
(517) 374-8000
Fax: (517) 374-9080
rwd@Dietrich&Kenyon.com

9