UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)

In re:

**CHELSEA ANNE WILLIAMS,**             Case No. 19-05180-swd
                                                                              Chapter 7
           Debtor.                                      Hon. Scott W. Dales

---

**CHELSEA A. WILLIAMS,**
         Plaintiff,
v.                                                                Adversary Case No. 20-80058-swd

**TNT FINANCIAL, INC.,** A Michigan corporation,
    and **JAMES N. MEINECKE, ESQ.**,
         Defendants.

---

**ROBERT W. DIETRICH (P49704)**       **JAMES N. MEINECKE (P40510)**
Attorney for Plaintiff                           Attorney for Defendants
3815 W. St. Joseph St., Ste. A200        P.O. Box 5767
Lansing, MI 48917                                 Saginaw, MI 48603-0767
Ph. (517) 374-9080                              Ph. (989) 921-0406

---

**ANSWER. AND AFFIRMATIVE DEFENSES OF TNT FINANCIAL, INC.
AND JAMES N. MEINECKE
<u>TO ADVERSARY COMPLAINT FOR DAMAGES</u>**

       TNT Financial, Inc. (hereafter "TNT") and James N. Meinecke, by their attorney, James N. Meinecke, defendants in the above captioned adversary proceeding, answer the plaintiff's complaint as follows:

### INTRODUCTION

1.       Defendants neither admit nor deny the allegations contained in Paragraph 1 of the Complaint as it does not contain any statement of fact and merely summarizes the complaint filed by the plaintiff.

### JURISDICTON AND VENUE

2.       Defendants incorporate their answer to Paragraph 1 of the Complaint as if set forth

herein.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint as false and untrue. Based on the amount claimed as damages by the plaintiff, he proper venue for this matter is governed by 28 USC §1409(b) and should have been brought in the United States Bankruptcy Court for the Eastern District of Michigan in Bay City, Michigan, where the defendants reside or conduct business.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

PARTIES

7. Defendants incorporate their answers to Paragraphs 1-6 of the Complaint as if set forth herein.

8. Defendants neither admit nor deny the allegations contained in Paragraph 8 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint that TNT is a domestic corporation located at 4191 N. Euclid Ave., Bay City, Michigan, but denies the remaining allegations as false and untrue. Defendant TNT affirmatively states that it does not engage in automobile finance leasing.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants neither admit nor deny the allegations contained in Paragraph 11 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, leaving the plaintiff to her strict

proofs.

## FACTUAL ALLEGATIONS

12. Defendants incorporate their answers to Paragraphs 1-11 of the Complaint as if set forth herein.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint. Defendants affirmatively state that they received actual notice of the filing of the petition in this matter on December 30, 2019.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint that they deducted a total of $2,314.75 by way of a wage garnishment in the 90 days prior to the filing of the petition, but affirmatively state that none of the transfers from the plaintiff's wages were $600.00 or more.

19. Defendants admits the allegations contained in Paragraph 19 of the Complaint that a deduction of $293.54 was taken from the plaintiff's January 7, 2020 paycheck but denies that the deduction was taken in violation of the automatic stay under 11 USC §362 (not sure what "U.S.C. 22 §362" refers to) as:

    a. upon receipt of the bankruptcy notice in this case, defendants prepared releases of the garnishment in question and a State of Michigan income tax refunds on December 30, 2019 (see attached Exhibit A);

    b. on the same date, defendants emailed a copy of the release of the wage

garnishment to the employer and mailed a letter to them requesting they stop deductions from plaintiff's pay (see attached Exhibit B); and

  c. on January 13, 2020, upon receipt of the check from the employer of the January 7, 2020 wage deduction, the defendants returned the check to the employer with instructions to return these funds to the plaintiff and to stop any further withholdings from her wages (see attached Exhibit C).  Upon information and belief, these funds were returned to the plaintiff on January 27, 2020 per a telephone call to the employer's payroll department (see attached Exhibit D).

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint for the reasons set forth in the answer to Paragraph 19 above.

21. Defendants neither admit nor deny the allegations contained in Paragraph 21 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint that they did not respond to the February 25, 2020 letter but affirmatively state there was no reason to as the funds in question had been returned to plaintiff's employer on January 13, 2020.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint as false and untrue for the reasons set forth above and in the affirmative defenses below.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint as false and untrue for the reasons set forth above and in the affirmative defenses below.

26. Defendants neither admit nor deny the allegations contained in Paragraph 26 of the Complaint as they are without knowledge or information sufficient to form a belief as to

the truth of these allegations, leaving the plaintiff to her strict proofs.

## COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFERS

27. Defendants incorporate their answers to Paragraphs 1-26 of the Complaint as if set forth herein.

28. Defendants neither admit nor deny the allegations contained in Paragraph 28 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants neither admit nor deny the allegations contained in Paragraph 30 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

31. Defendants neither admit nor deny the allegations contained in Paragraph 30 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

32. Defendants neither admit nor deny the allegations contained in Paragraph 32 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

33. Defendants deny the allegations contained in Paragraph 25 of the Complaint as false and untrue for the reasons set forth above and in the affirmative defenses below.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint as false and untrue for the reasons set forth in above and in the affirmative defenses below.

## COUNT II: AUTOMATIC STAY VIOLATIONS

36. Defendants incorporate their answers to Paragraphs 1-35 of the Complaint as if set forth herein.

37. Defendants neither admit nor deny the allegations contained in Paragraph 37 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

38. Defendants neither admit nor deny the allegations contained in Paragraph 38 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

39. Defendants neither admit nor deny the allegations contained in Paragraph 39 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of these allegations, leaving the plaintiff to her strict proofs.

40. Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint as false and

untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint as false and untrue for the reasons set forth above and in the affirmative defenses below.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

## COUNT III: CONVERSION

52. Defendants incorporate their answers to Paragraphs 1-51 of the Complaint as if set forth herein.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint as false and untrue for the reasons set forth in Paragraph 19 above and in the affirmative defenses below.

## COUNT IV: ATTORNEY FEES

56. Defendants incorporate their answers to Paragraphs 1-55 of the Complaint as if set forth herein.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint as false and untrue as the cited bankruptcy rule was deleted by an amendment in 2014.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint as false and untrue as the cited bankruptcy rule was deleted by an amendment in 2014.

**WHEREFORE**, the Defendant, TNT Financial, Inc., request this Court to enter an order

dismissing this Complaint with prejudice, and award the Defendant its costs incurred in having to defend this action, along with such further relief this court deems just and equitable.

                                                      Respectfully Submitted,

Date:   May 21, 2020                          /s/ James N. Meinecke
                                                  James N. Meinecke (P40510)
                                                  Attorney for Defendant, TNT Financial, Inc.
                                                   and *In Pro Per*
                                                  P.O. Box 5767
                                                  Saginaw, MI 48603-0767
                                                  Phone: (989) 486-9449
                                                  Email:  jmeinecke@sbcglobal.net
                                                  P40510

## AFFIRMATIVE DEFENSES

The defendants, TNT Financial, Inc., and James N. Meinecke, Esq., set forth the following affirmative defenses:

1. None of the transfers from the debtor's wages exceed the $600.00 limit set forth in 11 U.S.C. §547(c)(8).

2. **Necessary Joinder of Party**. The Plaintiff's employer, McDonald's of Lansing-Logan, is a party that must be added to provide both Plaintiff and Defendants complete relief in this matter if the Plaintiff continues to allege she did not receive back the $293.54 that forms the basis of Counts II, III and IV.

3. The Plaintiff is not entitled to recover attorney fees as to Count I as they are standing in the place of the trustee pursuant to 11 USC §522(h).

4. **Improper venue**. The venue for this matter that seeks to recover a debt to a non-insider less than $10,000 must be brought in the district in which the defendant resides. 28 USC §1409(b).

5. **Payment**. The defendant has already been paid the $293.54 by her employer on January 27, 2020.

6. **Fraud**. Plaintiff and Plaintiff's counsel knew or should have known that the alleged post-petition wage garnishment has already been refunded to the Plaintiff in January 2020 and has added additional counts to improperly and illegally attempt to recover attorney fees, sanctions and costs from the wholly manufactured automatic stay and conversion claims.

7. Plaintiff and Plaintiff's counsel have brought Counts II, III and IV are brought for an improper purpose to harass Defendants and cause a needless increase in the cost of litigation and as they knew or failed to make a reasonable inquiry under these

circumstances as to whether the defendants returned the post-petition garnishment payment to the Plaintiff and by the citation to rules and statutes that have been changed for years prior to the filing of this complaint. Fed. R. Bankr. P. 9011.

The defendant reserves the right to amend these affirmative defenses as information becomes available throughout the course of discovery in this matter.

                                                               Respectfully Submitted,

Date:   May 21, 2020                        /s/James N. Meinecke
                                                        James N. Meinecke (P40510)
                                                        Attorney for Defendant, TNT Financial, Inc.
                                                          and *In Pro Per*
                                                        P.O. Box 5767
                                                        Saginaw, MI 48603-0767
                                                        Phone: (989) 486-9449
                                                        Email:  jmeinecke@sbcglobal.net
                                                        P40510

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)

**In re:**

**CHELSEA ANNE WILLIAMS,**           Case No. 19-05180-swd
                                     Chapter 7
      Debtor.                Hon. Scott W. Dales

---

**CHELSEA A. WILLIAMS,**
      Plaintiff,
**v.**                               Adversary Case No. 20-80058-swd

**TNT FINANCIAL, INC.,** A Michigan corporation,
   and **JAMES N. MEINECKE, ESQ.**,
      Defendants.

---

### CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I served the following papers;

    Answer and Affirmative Defenses of TNT Financial, Inc. and James N. Meinecke to Adversary Complaint for Damages and Certificate of Service;

On the following parties at these addresses:

    Robert W. Dietrich, rwd@Dietrich&Kenyon.com

By the following means:

    Via ECF

Date :  May 21, 2020                 /s/ James N. Meinecke
                                     James N. Meinecke (P40510)
                                     Attorney for Defendant, TNT Financial, Inc.
                                     P.O. Box 5767
                                     Saginaw, MI 48603-0767
                                     Phone: (989) 486-9449
                                     Email:  jmeinecke@sbcglobal.net
                                     P40510